JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

SUSAN B. GRAY (CSBN 100374)
Assistant United States Attorney

    450 Golden Gate Avenue, 9th Floor
    San Francisco, CA 94102
    Telephone: 415.436.7324
    Facsimile:  415.436.6748
    Email: susan.b.gray@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

1. REAL PROPERTY AND IMPROVEMENTS LOCATED AT 15000 BRICELAND THORN ROAD, WHITETHORN, CALIFORNIA, HUMBOLDT COUNTY, APN 215-172-045;

2. REAL PROPERTY AND IMPROVEMENTS LOCATED AT 441 PAR AVENUE, REDWAY, CALIFORNIA, HUMBOLDT COUNTY, APN 077-221-006;

3. REAL PROPERTY AND IMPROVEMENTS LOCATED AT 488 EEL RIVER LANE, REDWAY, CALIFORNIA, HUMBOLDT COUNTY, APN 077-092-011; and

4. REAL PROPERTY AND IMPROVEMENTS LOCATED AT 3602 THOMAS ROAD, MIRANDA, CALIFORNIA, HUMBOLDT COUNTY, APNs 221-091-021 and 221-091-023,

    Defendants.

CV No. 08 3080

COMPLAINT FOR FORFEITURE

In this <u>in rem</u> forfeiture action, the United States alleges:

**JURISDICTION**

1. This Court has jurisdiction under Title 28 United States Code, Sections 1345 and 1355(a), and

1 | Title 21 United States Code, Section 881(a)(7).

2. This action is timely filed.

## PARTIES

3. Plaintiff is the United States of America.

4. Defendants are described as follows:

a. Real property and improvements located at 15000 Briceland Thorn Road, Whitethorn, California, identified by Humboldt County Assessor's Parcel Number 215-172-045 (hereinafter "defendant Briceland property"), and more particularly described in Exhibit A, attached hereto and incorporated in full herein. Donovan and Lynne Henry are the owners of record for defendant Briceland property.

b. Real property and improvements located at 441 Par Avenue, Redway, California, identified by Humboldt County Assessor's Parcel Number 077-221-006 (hereinafter "defendant Par property"), and more particularly described in Exhibit B, attached hereto and incorporated in full herein. D. G. and Sydell Fowler, as trustees for the Fowler Family Trust, are the owners of record for defendant Par property.

c. Real property and improvements located at 488 Eel River Lane, Redway, California, identified by Humboldt County Assessor's Parcel Number 077-092-011 (hereinafter "defendant Eel River property"), and more particularly described in Exhibit C, attached hereto and incorporated in full herein. Robert Gary Butler is the owner of record for defendant Eel River property.

d. Real property and improvements located at 3602 Thomas Road, Miranda, California, identified by Humboldt County Assessor's Parcel Numbers 221-091-021 and 221-091-023 (hereinafter "defendant Thomas property"), and more particularly described in Exhibit D, attached hereto and incorporated in full herein. Robert Juan and Alishia Stone are the owners of record for defendant Thomas property.

## VENUE

5. Venue lies in the Northern District of California pursuant to Title 28, United States Code, Sections 1355(b) and 1395(a) and (b), as the acts giving rise to this in rem action occurred in this district

Complaint for Forfeiture
C 08 -                                                            2

1 | and the defendant real properties are located in this district.

## INTRADISTRICT ASSIGNMENT

6. Intra-district venue is proper in the San Francisco Division within the Northern District of California.

## FACTS

7. Plaintiff incorporates by reference the allegations of paragraphs one through six as though fully set forth herein.

8. On June 24, 2008, federal law enforcement agents, acting pursuant to duly authorized warrants, executed searches at the defendant properties listed and described above in ¶¶4(a) through (d). During the course of their search of each defendant property agents found evidence of marijuana cultivation operations as described below:

9. **Defendant Briceland property** -Agents searched several structures on the Briceland property resulting in the discovery of live and processed marijuana. In the main house agents discovered approximately eight (8) pounds of processed marijuana, located primarily in a duffle bag in the master bedroom closet, and approximately seventy-two (72) marijuana plants in the attic. The marijuana plants were approximately three feet tall, with stalks ranging in diameter from 1/2 to one inches. The equipment in the attic consisted of five ballasts and hoods, two generic timers, two fans, and a manual watering system using a garden hose. The equipment was powered by the existing residential electrical service.

10. The agents also searched two other structures on the property which were being used as greenhouses. The greenhouses contained approximately one hundred seventy two (172) marijuana plants in different stages of development. The agents observed that approximately one third of the marijuana plants were small clones and ranged in height from two to three inches. Another third of the marijuana plants were of medium height, ranging from six to twelve inches and the final third of the plants were up to two feet tall. The water supply consisted of a hose from the house. The agents also observed multiple fans in the greenhouses.

11. **Defendant Par property** -During the search of the house located on the defendant Par

Complaint for Forfeiture
C 08 -                                3

property agents discovered approximately fifteen (15) pounds of processed marijuana in three garbage bags in a bedroom.

12. In a second bedroom agents discovered approximately one hundred and forty-eight (148) marijuana plants, four indoor grow lights and bags of fertilizer.

13. An additional indoor grow room in the attic contained approximately one hundred and forty four (144) marijuana plants and four indoor grow lights. Water for the attic grow was supplied by a hose from the house shower to a garbage can in the attic.

14. **Defendant Eel River property** -At the Eel River property agents searched a structure that was being used as a greenhouse. In that greenhouse, agents found approximately four hundred (400) marijuana plants in various stages of development. The growing area of the greenhouse consisted of four separate rooms.

15. The agents observed approximately twelve grow lights in the green house and that the electricity came from the house on the property. The grow lights were hanging over the marijuana plants. Some of the lights had a motor which caused the lights to move back and forth over the plants.

16. **Defendant Thomas property** -Agents discovered three indoor marijuana grows in three different structures on the defendant Thomas property.

17. Agents discovered an approximately 20' by 15' greenhouse on the defendant Thomas property. In the greenhouse agents discovered approximately sixty-nine (69) marijuana plants, approximately two feet tall, with stalks ranging in diameter from 1/4 to 1/2 inch. The marijuana plants were grown in soil within the ground and in planting pots. Irrigation was provided by a garden hose.

18. Underneath the primary residence located on the defendant Thomas property agents discovered a grow room containing approximately thirty-five (35) marijuana plants. The marijuana plants were under four electric grow lights suspended from the ceiling and were approximately two feet tall. The windows of the room were boarded up from the inside of the house. There were two fans on the walls, which were used to aerate the plants, and a temperature gauge.

19. In a third structure on the defendant Thomas property agents discovered an indoor grow consisting of approximately thirty-five (35) marijuana plants in pots. Grow lights were suspended from

Complaint for Forfeiture
C 08 -.                                        4

1  the ceiling and there were fans in the grow room. The marijuana plants were approximately two feet tall.

## CLAIM FOR RELIEF
## 21 U.S.C. § 881(a)(7)
### (forfeiture of property used to facilitate drug trafficking)

20.  The United States incorporates by reference the allegations in paragraphs one through nineteen as though fully set forth.

21.  Title 21, United States Code, Section 881(a)(7) provides for the forfeiture of all real property, including any right, title and interest, which is used or intended to be used, in any manner or part, to commit, or to facilitate the commission of a violation of Title 21, United State Code, Chapter 13, Subchapter I, to include Title 21, United States Code, Section 841(a).

22.  In light of the foregoing, defendant real properties represent property which facilitated a violation of Title 21, United States Code, Section 841(a)(1)-marijuana cultivation, and are thus subject to forfeiture to the United States pursuant to Title 21 United States Code, Section 881(a)(7).

## PRAYER FOR RELIEF

23.  The United States has not seized the defendant real properties. The United States will, as provided in Title 18 United States Code, Section 985(b)(1) and (c)(1):

a.  Post notice of this action and a copy of this Complaint for Forfeiture at the defendant real properties;

b.  Serve notice of this action together with a copy of the Complaint for Forfeiture and related documents, on the owners of record of the defendant real properties; and

c.  Record a *lis pendens* in the county records for Humboldt County for the defendant Briceland property, defendant Par property, defendant Eel River property, and the defendant Thomas property, to demonstrate the status of the defendant real properties in this *in rem* action.

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

Dated: June 25, 2008

STEPHANIE M. HINDS
Assistant United States Attorney

Assigned to: _____
AUSA Gray

Complaint for Forfeiture
C 08 -                                             5

## VERIFICATION

I, Kevin J. Caramucci, state as follows:

1. I am a Special Agent with the Internal Revenue Service and I am familiar with the facts, and the investigation leading to the filing of this Complaint for Forfeiture.

2. I have read the Complaint and believe the allegations contained in it to be true.

\* \* \* \* \*

I declare under penalty of perjury that the foregoing is true and correct. Executed this 25 day of June, 2008, in Fortuna, California.

Kevin J. Caramucci
Special Agent
Internal Revenue Service

Complaint for Forfeiture
C 08 -

7

EXHIBIT A

EXHIBIT A

TRACT A

Parcel 3 of Parcel Map No. 3264 as per Map recorded in Book 31 of Parcel Maps, Pages 7, 8 and 9, Humboldt County Records.

RESERVING unto the Grantors, their heirs, successors and assigns, a non-exclusive easement for water pipe line 10 feet in width, over, under, and across said land as shown on Parcel Map No. 3264.

Said easement is appurtenant to and for the benefit of the remaining lands of the Grantor.

TRACT B

An easement as herein described over that real property situated in the County of Humboldt, State of California, located in Section 9, Township 5 South, Range 2 East, Humboldt Meridian, said easement being for a water supply system located on the following described portion of Parcel 2 as shown on the Parcel Map filed in the Humboldt County Recorder's Office in Book 31, Pages 7 through 9 of Parcel Maps, said easement being appurtenant to and for the benefit of Parcel 3 of said Parcel Map.

PARCEL ONE:

An easement for construction, maintenance, use and access to waterlines and purposes incidental thereto, over the following described portion of said Parcel 2 of said Parcel Map:

COMMENCE at the most Southerly corner of said Parcel 3;
    thence along the boundary common to said Parcel 2 and Parcel 3 of said Parcel Map, North 42 degrees 37 minutes East, 30.00 feet to an angle point in said common boundary;
    thence continuing along said common boundary, North 10 degrees 53 minutes 20 seconds West, 726.35 feet to an angle point in said common boundary;
    thence continuing along said common boundary, North 14 degrees 23 minutes 42 seconds West, 16.10 feet to the true point of beginning of the land herein described;
    thence along the boundary common to said Parcel 2 and Parcel 3, South 14 degrees 23 minutes 42 seconds East, 16.10 feet to an angle point in said common boundary;
    thence along the boundary common to said Parcel 2 and Parcel 3, South 10 degrees 53 minutes 20 seconds East, 3.90 feet;
    thence leaving said boundary common to Parcel 2 and Parcel 3, North 84 degrees 26 minutes East, 72.42 feet, to a point identified as "Point A" for later reference herein;
    thence North 15 degrees 45 minutes West, 18.48 feet, to a point identified as "Point B" for later reference herein;
    thence South 85 degrees 42 minutes West, 72.00 feet to the true point of beginning.

PARCEL TWO:

An easement for construction, maintenance, use and access to waterlines and purposes incidental thereto and the right to water supply from a well and purposes incidental thereto, located within the following described portion of said Parcel 2 of said Parcel Map, said portion being subject to a height limit of two feet or less above ground level, to apply to any construction:

BEGINNING at Point A as herein previously identified;
    thence North 84 degrees 26 minutes East, 17.40 feet, to a point identified as "Point C" for later reference herein;
    thence North 14 degrees 16 minutes West, 18.00 feet, to a point identified as "Point D" for later reference herein;
    thence South 85 degrees 42 minutes West, 17.95 feet, to Point B as herein previously identified;
    thence South 15 degrees 45 minutes East, 18.48 feet to the point of beginning.

PARCEL THREE:

An easement for construction, maintenance, use and access to waterlines and purposes incidental thereto, over the following described portion of said Parcel 2 of said Parcel Map:

BEGINNING at Point C as herein previously identified;
    thence North 84 degrees 46 minutes East, 198.89 feet to a point identified as "Point E" for later reference herein;
    thence North 19 degrees 12 minutes West, 23.50 feet;
    thence South 83 degrees 18 minutes West, 196.11 feet to Point D as herein previously identified;
    thence South 14 degrees 16 minutes East, 18.00 feet to the point of beginning.

PARCEL FOUR:

An easement for construction, maintenance, use and access to waterlines and to water storage tanks and purposes incidental thereto, over the following described portion of said Parcel 2 of said Parcel Map:

BEGINNING at Point E as herein previously identified;
    thence South 20 degrees 02 minutes East, 24.36 feet;
    thence North 65 degrees 22 minutes East, 64.33 feet;
    thence North 20 degrees 33 minutes West, 63.23 feet;
    thence South 77 degrees 07 minutes West, 63.29 feet;
    thence South 19 degrees 12 minutes East, 51.91 feet to the point of beginning.

EXHIBIT B

EXHIBIT B

Lot 16 in Block G of Redway Summer Homes Subdivision No. 2 by Burris Brothers according to the map thereof filed September 6, 1930 in Book 11 of Maps pages 84, 85, 86 and 87.

EXHIBIT C

EXHIBIT C

LOT NUMBER 17 AND 18 OF REDWAY SUMMER HOMES, SUBDIVISION NO. 1 ACCORDING TO THE MAP THEREOF, FILED IN THE OFFICE OF THE COUNTY RECORDER OF HUMBOLDT COUNTY, CALIFORNIA ON APRIL 12, 1924, IN BOOK 11 OF MAPS, PAGES 43 AND 44.

EXHIBIT D

EXHIBIT D

PARCEL ONE

That portion of the Northeast Quarter of the Northeast Quarter of Section 15, Township 3 South, Range 2 East, Humboldt Meridian, lying Northerly and Westerly of the centerline of the private road designated and described as Road "B" on the Record of Survey on file in the Office of the County Recorder of said County, in Book 25 of Surveys at Page 32.

PARCEL TWO

That portion of the Northwest Quarter of the Northeast Quarter of Section 15, Township 3 South, Range 2 East, Humboldt Meridian, lying Northerly and Easterly of the centerline of the private road designated and described as Road "B" on the Record of Survey on file in the Office of the County Recorder of said County, in Book 25 of Surveys at Page 32.

PARCEL THREE

A non-exclusive right of way, appurtenant only to Parcels One and Two above, for ingress, egress and public utilities, to be used in common with others, together with the right to convey said right of way to others, over those strips of land of the uniform width of 70 feet, the centerline of which are designated Roads "A" and "B" on the Record of Survey on file in the Office of the County Recorder of said County, in Book 25 of Surveys at Pages 32, 33 and 34.

EXCEPTING from Parcel Three, those portions thereof lying within Parcels One and Two above described.

PARCEL FOUR

A non-exclusive easement, appurtenant only to Parcels One and Two above, for ingress, egress and public utilities, to be used in common with others, together with the right to convey said easement to others, over a strip of land 60 feet in width, as granted in that certain deed from James O. Johnson, et al, and recorded December 27, 1968, in Book 936 of Official Records, at Page 236, Humboldt County Records.

EXCEPTING from Parcel Four that portion thereof lying within Parcel Three above described.

APN: 221-091-021 and 221-091-023