E-filing    UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

No.

Plaintiff(s),                         CV  08        3080

v.                                    CASE MANAGEMENT
                                      CONFERENCE ORDER

Defendant(s).

_____/

**CASE MANAGEMENT CONFERENCE**

IT IS HEREBY ORDERED that, pursuant to Federal Rules of Civil Procedure 16 and Civil Local Rules 16-10, a Case Management Conference will be held in this case before the Honorable Edward M. Chen on _10/8/08_____, at 1:30 p.m., in Courtroom C, 15th Floor, U.S. District Court, 450 Golden Gate Avenue, San Francisco, California. **The parties are required to appear in court at 1:00 p.m., thirty (30) minutes prior to the Case Management Conference, to discuss the case with one another including disclosure of relevant information and any possibilities for settlement.**

1.    Plaintiff(s) shall serve copies of this Order and the Court's Standing Order for All Judges of the Northern District of California re: Contents of Joint Case Management Statement on all parties to this action, and on any parties subsequently joined, in accordance with the provisions of Fed. R. Civ. P. 4 and 5. Following service, Plaintiff(s) shall file a certificate of service with the Clerk of Court.

2.    Lead trial counsel who will try this case are directed to confer in advance of the Case Management Conference with respect to the subjects detailed in Fed. R. Civ. P. 16©, 26(f), and all of

1  of the items referenced in the Court's Standing Order re: Contents of Joint Case Management
2  Statement. Not less than seven (7) days before the conference, counsel shall file a Joint Case
3  Management Conference Statement in compliance with Local Rule 16 and the Court's Standing
4  Order. All documents filed with the Clerk of Court shall list the civil case number followed only by
5  the initials "EMC." One copy shall be clearly marked as **"EMC Chambers' Copy."** Failure to file
6  a Joint Case Management Conference Statement, without good cause, may subject a party to
7  sanctions.

8      3.      Each party shall be represented at the Case Management Conference by lead trial
9  counsel (or a party if *in pro se*) prepared to address all of the matters referred to in the Court's
10 Standing Order, and with authority to enter stipulations and make admissions pursuant to this Order.

11     4.      Any request to reschedule the above dates should be made in writing, and by
12 stipulation, if possible, not less than ten (10) days before the conference date. Good cause must be
13 shown.

14     5.      **In all "E-Filing" cases, when filing papers that require the Court to take any**
15 **action (e.g. motions, meet and confer letters, administrative requests), the parties shall, in**
16 **addition to filing papers electronically, lodge with chambers a printed copy of the papers on**
17 **three-hole punch paper (including all exhibits) by the close of the next court day following the**
18 **day the papers are filed electronically. These printed copies shall be marked "EMC Chambers**
19 **Copy" and shall be submitted to the Clerk's Office in an envelope clearly marked with the case**
20 **number, "Magistrate Judge Edward M. Chen," and "E-Filing Chambers Copy." Parties shall**
21 **not file a paper copy of any document with the Clerk's Office that has already been filed**
22 **electronically. A proposed order in an E-Filing case must be emailed to**
23 **emcpo@cand.uscourts.gov as a Word Processing format attachment on the same day that it is**
24 **E-Filed.** With permission, Chambers' copes of documents may be submitted on CD-ROM with
25 hypertext links to exhibits.

26     6.      Each attorney of record in all "E-Filing" cases is obligated to become an ECF User

27

28

1   and be assigned a user ID and password for access to the system upon designation of the action as

2   being subject to ECF. Registration shall be on a form prescribed by the Clerk. Attorneys of record

3   who fail to register timely shall be subject to such sanctions as may be imposed by the Court.

4        7.     Failure to comply with this Order, or provisions of the Fed. R. Civ. P. 16 and 26(f) or

5   the provisions of Civil L. R. 16-10 may be grounds for sanctions. (See Fed. R. Civ. P. 16(f)).

6       IT IS SO ORDERED.

7

8   Dated: March 1, 2007

                              EDWARD M. CHEN

9                                 United States Magistrate Judge

For the Northern District of California

## STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

### CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.      Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.      Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.      Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.      Motions: All prior and pending motions, their current status, and any anticipated motions.

5.      Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.      Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7.      Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8.      Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9.      Class Actions: If a class action, a proposal for how and when the class will be certified.

10.     Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11.     Relief: All relief sought through complaint or counterclaim, including the amount of any

1

damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.     Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.     Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.     Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.     Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.     Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.     Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.     Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.     Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. **In addition**, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.     Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

2