ISMAIL RAMSEY (Bar No. 189820)
izzy@ramsey-ehrlich.com
RAMSEY & EHRLICH LLP
803 Hearst Avenue
Berkeley, CA 94710
(510) 548-3600 (Tel)
(510) 291-3060 (Fax)


Attorneys for Defendant Alishia Stone

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>PLAINTIFF,<br><br>VS.<br><br>REAL PROPERTY AND IMPROVEMENTS LOCATED AT 15000 BRICELAND THORN ROAD, WHITEHORN, CALIFORNIA, HUMBOLDT COUNTY, APN 215-172-045, ET AL.,<br><br>DEFENDANTS. | CASE NO. C-08-3080 EMC<br><br>ANSWER OF CLAIMANT ALISHIA STONE TO PLAINTIFF'S COMPLAINT<br><br><u>DEMAND FOR JURY TRIAL</u> |

1    Counsel for Claimant Alishia Stone, without waiving any rights afforded to her

2  under the Fifth Amendment to the United States Constitution, hereby answers the

3  Complaint in the above-captioned matter as follows:

4                                **JURISDICTION**

5          1.    Paragraph 1 of the Complaint states legal conclusions to which no response

6  is required.

7          2.    Paragraph 2 of the Complaint states legal conclusions to which no response

8  is required.

9                                  **PARTIES**

10         3.    Ms. Stone admits the allegations contained in Paragraph 3 of the

11  Complaint.

12         4.    The allegations contained in Paragraph 4, subsections a through c, of the

13  Complaint are directed to parties other than Ms. Stone; therefore, no response by Ms.

14  Stone is required.  Ms. Stone admits the allegations contained in Paragraph 4, subsection

15  d.

16                                   **VENUE**

17         5.    Paragraph 5 of the Complaint states legal conclusions to which no response

18  is required.

19                        **INTRADISTRICT ASSIGNMENT**

20         6.    Paragraph 6 of the Complaint states legal conclusions to which no response

21  is required.

22                                   **FACTS**

23         7.    Ms. Stone incorporates her responses to paragraphs 1 through 6 as though

24  fully set forth herein.

25         8.    Ms. Stone lacks sufficient knowledge or information to form a belief as to

26  the truth of the allegations contained in Paragraph 8 of the Complaint, and on that basis

27  denies them.

28

9.    Ms. Stone lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint, and on that basis denies them.

10.    Ms. Stone lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint, and on that basis denies them.

11.    Ms. Stone lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph11 of the Complaint, and on that basis denies them.

12.    Ms. Stone lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint, and on that basis denies them.

13.    Ms. Stone lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint, and on that basis denies them.

14.    Ms. Stone lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint, and on that basis denies them.

15.    Ms. Stone lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint, and on that basis denies them.

16.    Ms. Stone lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint, and on that basis denies them.

17.    Ms. Stone lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint, and on that basis denies them.

18. Ms. Stone lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint, and on that basis denies them.

19. Ms. Stone lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint, and on that basis denies them.

### CLAIM FOR RELIEF
21 U.S.C. § 881(a)(7)
(forfeiture of property used to facilitate drug trafficking)

20. Ms. Stone incorporates her responses to paragraphs 1 through 19 as though fully set forth herein.

21. Paragraph 21 of the Complaint states legal conclusions as to which no response is required.

22. Paragraph 22 of the Complaint states legal conclusions as to which no response is required.

### PRAYER FOR RELIEF

23. Ms. Stone denies that Plaintiff is entitled to any relief whatsoever in connection with the allegations set forth in the Complaint. To the extent Plaintiff's prayer for relief states legal conclusions, no response is required.

### AFFIRMATIVE DEFENSES

24. Ms. Stone alleges the following affirmative defenses to the allegations set forth in the Complaint:

### FIRST AFFIRMATIVE DEFENSE

25. The property known as 3602 Thomas Road, Miranda, California, of which Alishia Stone is an owner of record, was not used to commit and/or to facilitate the commission of a drug felony, and is not subject to forfeiture.

ANSWER OF CLAIMANT ALISHIA STONE TO PLAINTIFF'S COMPLAINT
*US v. REAL PROPERTY AND IMPROVEMENTS LOCATED AT 15000 BRICELAND*
*THORN ROAD, WHITEHORN, CALIFORNIA, ET AL.*, No. C-08-3080 EMC

1

## SECOND AFFIRMATIVE DEFENSE

26.    There is no substantial connection between the property known as 3602 Thomas Road, Miranda, California, of which Alishia Stone is an owner of record, and the alleged offense claimed by the United States of America.

## THIRD AFFIRMATIVE DEFENSE

27.    Alishia Stone is an innocent owner as that term is used in 18 U.S.C.A. §983(d)(1), and the case law interpreting same, and because that is so, Alishia Stone's interest is not subject to forfeiture. Specifically, 18 U.S.C.A. §983(d)(1) provides that "An innocent owner's interest in property shall not be forfeited under any civil forfeiture statute".

## FOURTH AFFIRMATIVE DEFENSE

28.    If the United States of America is successful in its forfeiture against Alishia Stone, such action would constitute an unconstitutional taking of Alishia Stone's vested and recorded interest in the property.

## AFFIRMATIVE DEFENSE PRAYER FOR RELIEF

29.    Wherefore, Alishia Stone requests that, if this Court finds that the United States of America's allegations are otherwise proven by the relevant standard of proof, and that, if the United States of America's complaint would otherwise prevail, the United States of America's complaint still be denied in whole or part due to Alishia Stone's affirmative defenses lodged herein.

## JURY DEMAND

Ms. Stone hereby requests a trial by jury on all aspects of this case so triable.

DATED:  July 28, 2008                    RAMSEY & EHRLICH LLP

                                         Ismail Ramsey
                                         Attorneys for Claimant Alishia Stone