///

JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division
SUSAN B. GRAY (CSBN 100374)
Assistant United States Attorney

450 Golden Gate Ave., Box 36055
San Francisco, CA 94102
Telephone: (415) 436-7324
Facsimile: (415) 436-7234
Email: susan.b.gray@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> 1. REAL PROPERTY AND IMPROVEMENTS LOCATED AT 15000 BRICELAND THORN ROAD, WHITETHORN, CALIFORNIA, et.al., <br><br> Defendants. <br><br> Wendy Anne Fetzer, Gary R. Button, Fowler Family Trust, Syd and Barbara Green, Mendocino Clearwater Corporation, John W. Brown, Judith B. Brown, Robert Butler, Donovan and Lynn Henry, and Alishia Stone, <br><br> Claimants. | No. C 08-3080 JSW <br><br> **JOINT CASE MANAGEMENT STATEMENT ; ORDER CONTINUING CASE MANAGEMENT CONFERENCE** <br><br> CMC Date: February 13, 2009 <br> Time: 1:30 p.m. <br><br> Courtroom 2, 17th Floor |

Plaintiff, United States of America and claimants, Wendy Anne Fetzer, Gary R. Button, Fowler Family Trust, Syd and Barbara Green, Mendocino Clearwater Corporation, John W. Brown, Judith B. Brown, Robert Butler, Alishia Stone, and Donavan and Lynn Henry, by and through their respective attorneys, respectfully submit this Joint Case Management Statement.

**1. Jurisdiction and Service**

-1-

/// 

This Court has jurisdiction pursuant to Title 28, United States Code, Sections 1345 and 1355 and Title 21, United States Code, Section 881(a)(7). There are no counterclaims. Plaintiff contends that it has served notice of this action on all persons who may have a legal interest in the property including the following: Alishia Stone, Wendy Anne Fetzer, Gary R. Button, Syd and Barbara Green, Mendocino Clearwater Corporation, John W. Brown, Judith B. Brown, Robert Butler, Redwood Trust Deed Services, Donovan and Lynn Henry, Robert Juan, D.G and Sydell Fowler, the Fowler Family Trust, Kenneth Barton and Gladys Swinnock.

To date the following individuals or entities have filed claims: Alishia Stone, represented by Ismail J. Ramsey, Wendy Anne Fetzer and Gray Button, represented by Stephen Johnson, the Fowler Family Trust, Syd and Barbara Green, and Robert Butler, represented by Eugene Denson, Mendocino Clearwater Corporation and John and Judith Brown, represented by Barry Meyer, and Donovan and Lynn Henry, represented by David Michael and James Bustamonte.

**2. Facts**

This is an <u>in rem</u> forfeiture actions brought by the United States under Title 28 United States Code, Sections 1345 and 1355(a), and Title 21 United States Code, Section 881(a)(7). The United States alleges that defendant real properties represent property which facilitated a violation of Title 21, United States Code, Section 841(a)(1)-marijuana cultivation, and are thus subject to forfeiture to the United States pursuant to Title 21 United States Code, Section 881(a)(7).

<u>Parties</u>: Plaintiff is the United States of America. Defendants are real properties located in Humboldt County.

Claimants are owners or lien holders of the defendant properties.

<u>Transaction or event</u>: The complaint alleges that on June 24, 2008, federal law enforcement agents, acting pursuant to federal warrants, executed searches at the defendant properties and, during the course of their search of the defendant properties agents found extensive evidence of marijuana cultivation operations.

The affidavit in support of the search warrants is currently under seal. The execution of the search warrants was part of an ongoing criminal investigation. No charges have been filed in the

///
investigation.

**3. Principal Factual and Legal Issues**

The principal factual and legal issues in dispute are: 1) whether plaintiff can establish by a preponderance of the evidence that the defendant properties were used to facilitate marijuana cultivation and are thus forfeitable under Title 21, United States Code, Section 881(a)(7), and 2) whether claimants can establish by a preponderance of the evidence that they are innocent owners of the defendant properties.

**4. Anticipated Motions**

All parties may move for summary judgment at the close of discovery. Some of the claimants may allege that the forfeiture of their whole interest in the property will constitute an excessive fine under the Eighth Amendment. Some claimants may also seek to challenge the search warrant and subsequent search and seizure on Fourth Amendment grounds.

In addition, given the ongoing criminal investigation, the United States and/or several claimants may seek to stay the civil action pursuant to 18 U.S.C. 981 (g)(1) and (2).

**5. Relief/Damages**

Plaintiff seeks a judgment of forfeiture of the defendant properties. This is not a damages case.

Claimants Alishia Stone, Robert Butler, Wendy Anne Fetzer, Gary R. Button, Syd and Barbara Green, Mendocino Clearwater Corporation, John W. Brown, Judith B. Brown, may seek an order from this Court declaring that their interest in certain of the parcels named as defendants in this action, which are secured by a note and deed of trust, are not subject to forfeiture and that their interest in the property is that of an innocent owner. In addition, several claimants[1] and the United States are in discussion regarding an order permitting the interlocutory sale of the property in order to preserve the value of the property. As a part of the interlocutory sale process and/or to aid in settlement negotiations, the owners of the defendant properties, Claimants Donovan Henry, Alisha Stone, Robert Butler and The Fowler Family Trust, have agreed to allow

---

[1]Robert Butler excepted.

Joint CMC Statement                -3-

/// 

a new updated appraisal of their properties.[2] The parties recognize the changing nature of the real estate market and believe it is the best interest of all parties to have a "on-the-ground" appraisal of the properties before engaging in costly discovery. In addition, the initial appraisals were conducted prior to the execution of the search warrants, thus, no on-site evaluation of the properties was made for water damage to the houses, or any environmental issues that may affect the value of the properties. All of these issues will affect how the United States and/or Claimants may wish to proceed. The United States Marshals Service has already contracted with the appraisers for these properties and the parties are awaiting the results.

**6. Settlement**

At this juncture, matters are far too undeveloped to ascertain the possibility of settlement. However, settlement discussions and informal discovery has commenced with several parties. In addition, as noted in Section 5 above, the parties are engaged in evaluating the properties in light of the changing real estate market and the ever increasing liens on some of the properties.

**7. Discovery**

This is an *in rem* forfeiture case and is exempt from initial disclosures pursuant to Federal Rule of Civil Procedure 26 (a)(1)(B)(ii). As noted above, the owners and claimants are engaged in settlement discussions and informal discovery. The parties suggest another case management conference would be appropriate in four months.

**8. Alternative Means of Disposition**

Plaintiff does not request reference to arbitration.

**9. Pretrial/Trial Issues**

The parties have not yet discussed any trial issues.

**10. Class Action**

This is not a class action.

**11. Related Case**

In compliance with the local rules, the United States filed an Administrative Motion to

---

[2] A Writ of Entry, pursuant to 18 U.S.C. §985§§ (b)(2) and 983(j) is not necessary because the owners have given consent for the appraiser to enter the property to conduct the appraisal.

Joint CMC Statement            -4-

///

Relate Case #08-3093 WHA to the case currently pending before this Court. The Motion was denied by this Court on September 23, 2008.

**12. Other Matters –**

Attorneys Stephen Johnson, Eugene Denson and Ismail Ramsey request to appear telephonically.

As stated in Sections 5 and 6 above, the owners of the properties have agreed to have an updated market analysis and appraisal conducted for all four of the defendant properties. Rather than engage in costly discovery over an asset that may have diminished in value, the parties request that they be allowed to continue with their updated market appraisal and their discussions of an interlockatory sale or settlement. The parties suggest that the Case Management Conference currently scheduled for February 13, 2009, at 1:30 be continued for approximately four months. This will allow time for the appraisals to be completed and, if appropriate, the properties to be listed for sale.

DATED: February 6, 2009

_____/S/_____
SUSAN B. GRAY
Assistant United States Attorney

DATED: February 6, 2009

_____/S/_____
STEPHEN F. JOHNSON
Attorney for Claimants Wendy Fetzer and Gary Button

DATED: February 6, 2009

_____/S/_____
EUGENE DENSON
Attorney for Claimants Fowler Family Trust, and Syd and Barbara Green

DATED: February 6, 2009      _____/S/_____
BARRY MEYER
Attorney for Claimants John and Judith Brown and Mendocino Clearwater Corporation

DATED: February 6, 2009      _____/S/_____
DAVID MICHAEL
JAMES BUSTAMONTE
///                          Attorney for Claimants Donavan and Lynn Henry

Joint CMC Statement                    -5-

///

1  DATED: February 6, 2009                    _____/S/_____
2                                              ISMAIL RAMSEY
                                               Attorney for Claimant Alishia Stone
3  DATED: February 6, 2009                    _____/S/_____
4                                              MARK EIBERT
                                               Attorney for Robert Butler
5

6  GOOD CAUSE APPEARING, the case management conference in the above entitled case is

7  continued to __June 19__, 2009, at 1:30 p.m.

8         IT IS SO ORDERED                    _____/s/ Jeffrey S. White_____
9      Dated: February 9, 2009                 Jeffrey S. White
                                               United States District Judge

Joint CMC Statement                    -6-