JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

SUSAN B. GRAY (CSBN 100374)
Assistant United States Attorney

    450 Golden Gate Ave., Box 36055
    San Francisco, CA 94102
    Telephone: (415) 436-7324
    Facsimile: (415) 436-7234
    Email: susan.b.gray@usdoj.gov

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> 1. REAL PROPERTY AND IMPROVEMENTS LOCATED AT 15000 BRICELAND THORN ROAD, WHITETHORN, CALIFORNIA, et.al., <br><br> Defendants. <br><br> Fowler Family Trust, Syd and Barbara Green, Robert Butler, and Donovan and Lynn Henry, <br><br> Claimants. | No. C 08-3080 JSW <br><br> JOINT CASE MANAGEMENT STATEMENT AND REQUEST TO CONTINUE CASE MANAGEMENT CONFERENCE <br> and <br> [PROPOSED] ORDER <br><br> CMC Date: February 19, 2010 <br> Time: 1:30 p.m. <br> Courtroom: 11, 19th Floor |

Plaintiff, United States of America and claimants, Fowler Family Trust, Syd and Barbara Green, Robert Butler, and Donavan and Lynn Henry, by and through their respective attorneys, respectfully submit this Joint Case Management Statement and request to continue the Case Management Conference.

**1. Jurisdiction and Service**

This Court has jurisdiction pursuant to Title 28, United States Code, Sections 1345 and 1355 and

-1-

Title 21, United States Code, Section 881(a)(7). There are no counterclaims. Plaintiff contends that it has served notice of this action on all persons who may have a legal interest in the properties remaining in this case, including the following: Syd and Barbara Green, Robert Butler, Donovan and Lynn Henry, D.G and Sydell Fowler, and the Fowler Family Trust.[1]

The following individuals or entities have filed claims: the Fowler Family Trust and Syd and Barbara Green, represented by Eugene Denson, Robert Butler, represented by Mark Eibert, and Donovan and Lynn Henry, represented by David Michael and James Bustamonte.

**2. Facts**

This is an <u>in rem</u> forfeiture actions brought by the United States under Title 28, United States Code, Sections 1345 and 1355(a), and Title 21, United States Code, Section 881(a)(7). The United States alleges that defendant real properties represent property which facilitated a violation of Title 21, United States Code, Section 841(a)(1)-marijuana cultivation, and are thus subject to forfeiture to the United States pursuant to Title 21, United States Code, Section 881(a)(7).

<u>Parties</u>: Plaintiff is the United States of America. Defendants are real properties located in Humboldt County.

Claimants are owners or lien holders of the defendant properties.

<u>Transaction or event</u>: The complaint alleges that on June 24, 2008, federal law enforcement agents, acting pursuant to federal warrants, executed searches at the defendant properties and, during the course of their search of the defendant properties agents found extensive evidence of marijuana cultivation operations. Specifically, the government alleges that the agents found the following:

<u>Briceland/Donavan Henry Property</u>: 8 pounds of processed marijuana located in the master bedroom, 72 marijuana plants in the attic, and 172 plants in greenhouses on the property;

<u>Par Avenue/Fowler Family Trust Property</u>: 15 pounds of processed marijuana in three garbage bags in a bedroom, 148 marijuana plants, four indoor grow lights and bags of fertilizer in a second

---

[1] The following individuals were also served and appeared: Alishia Stone, represented by Ismail J. Ramsey, Wendy Anne Fetzer and Gary Button, represented by Stephen Johnson, Mendocino Clearwater Corporation and John and Judith Brown, represented by Barry Meyer. With the dismissal of the complaint against 3602 Thomas Road, these claimants are no longer a party to this action.

bedroom, and an additional indoor grow room in the attic with 144 marijuana plants, four indoor grow lights and water supplied from the house shower;

    <u>Eel River/Robert Butler Property</u>: 400 marijuana plants in a green house on the property. The twelve motorized grow lights hanging over the plants drew electricity from the house on the property.

**3. Principal Factual and Legal Issues**

The principal factual and legal issues in dispute are: 1) whether plaintiff can establish by a preponderance of the evidence that the defendant properties were used to facilitate marijuana cultivation and are thus forfeitable under Title 21, United States Code, Section 881(a)(7), and 2) whether claimants can establish by a preponderance of the evidence that they are innocent owners of the defendant properties, or 3) the other affirmative defenses alleged in some of the Answers.

**4.  Anticipated Motions**

All parties may move for summary judgment at the close of discovery. Some of the claimants may allege that the forfeiture of their whole interest in the property will constitute an excessive fine under the Eighth Amendment. Some claimants may also seek to challenge the search warrant and subsequent search and seizure on Fourth Amendment grounds.

**5.  Relief/Damages**

Plaintiff seeks a judgment of forfeiture of the defendant properties. This is not a damages case.

Claimants Syd and Barbara Green, seek an order from this Court declaring that their interest in one the parcels named in this action, which is secured by a note and deed of trust, is not subject to forfeiture and that their interest in the property is that of an innocent owner.

**6.  Settlement**

At this juncture, matters are far too undeveloped to ascertain the possibility of settlement. However*, see,* Section 12, *infra.*

**7.  Discovery**

This is an *in rem* forfeiture case and is exempt from initial disclosures pursuant to Federal Rule of Civil Procedure 26 (a)(1)(B)(ii). The parties suggest another case management conference would be appropriate in four months for the reasons set forth in Section 11 and 12, *infra*.

**8.   Alternative Means of Disposition**

Plaintiff does not request reference to arbitration.

**9.   Pretrial/Trial Issues**

The parties have not yet discussed any trial issues.

**10. Class Action**

This is not a class action.

**11. Related Case**

The government alleges the following regarding the issue of related cases:

In 2004, Robert Juan formed the Lost Paradise Land Corporation and designated himself as CEO. On March 30, 2004, Lost Paradise Land Corporation bought 945 acres of land in Humboldt and Mendocino Counties from Diane and Eddie Mendes. According to the plan Juan set up, each member of the Lost Paradise Land Corporation owned "shares" of the Land Corporation, including Donavan Henry, one of the claimants in the case before this court.

In 2005 the Colburn Creek Land Corporation was formed, with Robert Juan's involvement. Each member of the Colburn Creek Land Corporation owned "shares" of the Land Corporation, including Robert Butler, and Jonathan and Sydell Fowler[2], claimants in the case before this court. In 2005 Robert Juan also purchased approximately 960 acres of land in Mendocino County from Barnum Timber Company. However, Robert Juan never transferred title of the 960 acres purchased from Barnum Timber to Colburn Creek Land Corporation.

On June 24 and 25, 2008, law enforcement officers executed 30 search warrants at the homes of the shareholders of Colburn Creek Land Corporation, Lost Paradise Land Corporation and on the rural property described above, and recovered from various locations marijuana with an estimated value of between 25 and 60 million dollars, weapons and cash.

On June 25, 2008, the United States filed a civil forfeiture complaint against the rural properties described above. C 08-3093 WHA. Also, on June 25, 2008, the United States filed a civil forfeiture complaint against four residential properties owned by shareholders of the Colburn Creek

---

[2] The Fowler residence, one of the defendant properties in this case, is owned by the Fowler Family Trust, which is the actual claimant in the civil forfeiture action. Sydell Fowler is one of the trustees.

Land Corporation and the Lost Paradise Land Corporation. C 08-3080 JSW. Shortly thereafter, the United States filed an Administrative Motion to Relate the two cases. The motion was denied by this Court on September 23, 2008. Since that time Judge Alsup has stayed the case before him, pending the criminal investigation. The next case management conference before Judge Alsup is set for February 25, 2010. The parties to that action continue to request a stay, given the pending criminal indictments against two of the claimants, Paul Sayers and Graeson Prescott.

On November 24, 2009, the grand jury returned numerous indictments against several shareholders of the Lost Paradise Land Corporation and other associates of Robert Juan. Donavan Henry, the claimant to Briceland Thorn Road, was among those indicted. Each of the criminal indictments involve similar violations of law, and they all arose out of the same investigation and involve the same underlying affidavit in support of the search warrants executed on June 24 and 25, 2008, and described above. On January 22, 2010, the United States filed a Notice of Related Case notifying this Court of the related nature of the civil forfeiture and pending criminal cases. On February 4, 2010, this Court notified the Assistant United States Attorney handling the criminal cases that the cases would not be related.

**12. Other Matters**

Given the recent indictment, the United States and claimant Butler have discussed requesting a stay of the civil forfeiture proceedings. However, rather than make such a formal motion, the parties suggest that the court continue the case management conference for an additional 120 days. As noted in prior case management statements, the parties have engaged in settlement discussions and have had the properties reappraised to aid those discussions. Those discussions continue. The parties suggest that the current case management conference should be continued for approximately 120 days to allow for settlement discussions to continue and/or stay motions to be filed. In the alternative, if the Court is not inclined to continue the case management conference, several of the parties intend to move for a stay so that they will not be forced to choose between complying with discovery in this case and with exercising their privilege against self-incrimination in a criminal investigation.

Finally, the Assistant United States Attorney assigned this case will be out of the state the week

of February 15-19 and respectfully requests that if the court does not decide to continue the currently scheduled case management conference for 120 days, that it be continued for several weeks. The parties have conferred regarding their respective schedules and suggest April 2, 2010, as an alternative date. Mr. Denson is unavailable on any prior dates.

DATED: February 9, 2010

_____/s/_____
SUSAN B. GRAY
Assistant United States Attorney

DATED: February 9, 2010

_____/s/_____
EUGENE DENSON
Attorney for Claimants Fowler Family Trust,
and Syd and Barbara Green

DATED: February 9, 2010

_____/s/_____
DAVID MICHAEL
JAMES BUSTAMONTE
Attorney for Claimants Donavan and Lynn Henry

DATED: February 9, 2010

_____/s/_____
MARK EIBERT
Attorney for Claimant Robert Butler

### ~~[PROPOSED]~~ ORDER

GOOD CAUSE APPEARING THE CASE MANAGEMENT CONFERENCE SCHEDULED FOR FEBRUARY 19, 2010, IS CONTINUED TO  August 13 , 2010, at  1:30 p.m.

IT IS SO ORDERED.

Dated: February 10, 2010

_Jeffrey S. White_
JEFFREY S. WHITE
United States District Judge