MELINDA HAAG (CSBN 132612)
United States Attorney
MIRANDA KANE (CSBN 150630)
Acting Chief, Criminal Division
SUSAN B. GRAY (CSBN 100374)
Assistant United States Attorney

450 Golden Gate Ave., Box 36055
San Francisco, CA 94102
Telephone: (415) 436-7324
Facsimile: (415) 436-7234
Email: susan.b.gray@usdoj.gov

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>REAL PROPERTY AND IMPROVEMENTS LOCATED AT 441 PAR AVENUE, REDWAY, HUMBOLDT COUNTY, CALIFORNIA, (APN #077-221-006),<br><br>Defendants.<br><br>Fowler Family Trust,<br><br>Claimant. | No. C 08-3080 JSW<br><br>SETTLEMENT AGREEMENT AND FINAL ORDER OF FORFEITURE |

Plaintiff, United States of America and claimant, Fowler Family Trust, by and through their respective attorneys, stipulate and agree as follows:

1. Plaintiff is the United States of America ("United States"). Defendant is real property located in Humboldt County, identified as real property and improvements located at 441 Par Avenue, Redway, California (APN # 077-221-006) (hereinafter "defendant real property"), and more particularly described in Exhibit A, which is attached hereto and incorporated herein. The

Fowler Family Trust is the owner of record for the defendant real property. After proper notification and publication was given, the Fowler Family Trust (the "Claimant") was the only entity to file a timely Claim to the defendant real property in this action. As a result, only the Claimant has a right to defend the defendant real property. The United States and the Claimant are hereafter referred to as the "parties" in this document which is hereinafter referred to as the "Settlement Agreement."

2. After full and open discussion, the parties agree to resolve any and all claims against the defendant real property, as well as against any and all past and present officials, employees and agents of the United States, including those at the United States Department of Justice, arising out of the facts alleged in the Complaint for Forfeiture filed on or about June 25, 2008.

3. The parties agree that the resolution of the lawsuit is based solely on the terms stated in this Settlement Agreement. It is expressly understood that this Settlement Agreement has been freely and voluntarily entered into by the parties. The parties further agree that there are no express or implied terms or conditions of settlement, whether oral or written, other than those set forth in this Settlement Agreement. This Settlement Agreement shall not be modified or supplemented except in writing signed by the parties. The parties have entered into this Settlement Agreement in lieu of continued protracted litigation and District Court adjudication.

4. The parties further agree that this Settlement Agreement does not constitute precedent on any legal issue for any purpose whatsoever, including all administrative proceedings and any lawsuits.

5. The parties agree that Claimant releases, discharges and holds harmless the United States, as well as any past and present officials, employees, agents, attorneys, their successors and assigns, from any and all obligations, damages, liabilities and demands of any kind and nature whatsoever, whether suspected or unsuspected, at law or in equity, known or unknown, arising out of the facts alleged in plaintiff's Complaint for Forfeiture.

6. Claimant recognizes that Title 21, United States Code, Section 881(a)(7) provides for the forfeiture of all real property, including any right, title and interest, which is used or intended to be used, in any manner or part, to commit, or to facilitate the commission of a violation of Title 21, United States Code, Chapter 13, Subchapter I, to include Title 21, United States Code,

Section 841(a). Claimant does not contest that the United States has sufficient evidence to support the forfeiture of defendant real property. In order to resolve this case without the expense of further litigation, however, the parties have agreed that Claimant shall pay the United States the amount of $50,000 and the United States will release the *lis pendens* filed against the defendant real property and dismiss the civil forfeiture complaint against the defendant real property. The payment of $50,000 and the release of the *lis pendens* and dismissal of the civil forfeiture complaint against the defendant real property shall be in full settlement and satisfaction of any and all claims by the Claimant, its heirs, representatives and assignees against he United States

7. The United States and Claimant agree that each party shall pay its own attorneys' fees and costs.

8. Based on the foregoing Settlement Agreement between the United States and Claimant, the Parties agree that, subject to the Court's approval, this action be and hereby is DISMISSED and that the proposed JUDGMENT OF FORFEITURE which is submitted with this Settlement Agreement be entered.

IT IS SO STIPULATED:

MELINDA HAAG
United States Attorney

Dated: 3/2, 2011

SUSAN GRAY
Assistant United States Attorney

Dated: 2/23, 2011

EUGENE C. DENSON
Attorney for Fowler Family Trust
Claimant

Dated: 2/9, 2011

GEORGE FOWLER

Dated: 2/9, 2011

SYDELL FOWLER

Dated: 2/9/, 2011

JONATHAN FOWLER

| | | |
|---|---|---|
| 1 | Dated: 02·09·2011 | *Harvest J. Fowler*<br>HARVEST FOWLER |
| 2<br>3 | Dated: 02/09/2011 | _____<br>ELI FOWLER<br>Trustees for Fowler Family Trust |

BASED ON THE FOREGOING STIPULATION, IT IS SO ORDERED ON THIS 3rd DAY OF March 3 , 2011.

*Jeffrey S. White*
HONORABLE JEFFREY S. WHITE
United States District Judge

-4-